UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN HUDSON,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>DR. JONATHAN EK, DR. JUSTIN T. YOUNG, UNKNOWN EMPLOYEE(S) OF WEXFORD HEALTH SOURCES, INC., AND WEXFORD HEALTH SOURCES, INC.,<br><br>　　　　　　　Defendants. | Case No. 21-cv-2056<br><br>Judge Sue E. Myerscough |

### PLAINTIFF JOHN HUDSON'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

　　　　Plaintiff John Hudson respectfully requests that the Court deny Defendants' Motion for Leave to file a reply to Plaintiff's Response to Defendants' Motion to Dismiss Counts IV and IX of Plaintiff's First Amended Complaint.  (Dkt. 80; Dkt. 71.)  In support of this position, Mr. Hudson states as follows:

　　　　1.　　On March 16, 2021, Plaintiff filed his initial Complaint in this matter.  (Dkt. 1.)

　　　　2.　　On January 19, 2022, Plaintiff sought leave to file his First Amended Complaint. (Dkt. 51.)

　　　　3.　　On April 18, 2022, the Court granted Plaintiff's motion for leave to file his First Amended Complaint and directed the clerk to separately docket it.  (Dkt. 66.)

　　　　4.　　Also on April 18, 2022, Defendants filed a Motion to Dismiss Counts IV and IX of Plaintiff's First Amended Complaint.  (Dkt. 71.)

5. On May 2, 2022, Plaintiff filed a Response to Defendants' Motion to Dismiss Counts IV and IX of his First Amended Complaint. (Dkt. 76.)

6. On May 12, 2022, Defendants filed a Motion for Leave to Reply to Plaintiff's Response to their Motion to Dismiss. (Dkt. 80.)

7. Defendants seek to raise new arguments in their proposed reply that were wholly available to Defendants to make when they initially filed their Motion to Dismiss on April 18, 2022.

8. Specifically, Defendants' arguments in their Motion to Dismiss regarding Count IX of Plaintiff's First Amended Complaint only discussed constitutional law and prison regulations. In Count IX, Plaintiff did not discuss or rely on either constitutional law or prison regulations. Rather, Count IX is based on Illinois statutory law, as made clear in the title of Court IX which stated, "Right to Examine Healthcare Records – Illinois Law."

9. While 735 ILCS 5/8-2001 was not specifically identified in Count IX of Plaintiff's First Amended Complaint, that it was the relevant statute would have been evident if Defendants had simply searched "Right to Examine Healthcare Records – Illinois Law" in a search engine.

10. Defendants failed to address Illinois statutory law in their Motion to Dismiss. All of the arguments now contained in Defendants' proposed reply could have been raised in their Motion to Dismiss Count IX. Defendants' should not be permitted to raise these arguments in a reply simply because they erred when drafting their Motion to Dismiss.

11. In the United States District Court for the Central District of Illinois, the Court "does not typically permit the moving party to file a reply in order to introduce new arguments or evidence that could have been included in the motion itself, or to rehash the arguments made in

the motion." *OSF Healthcare Sys. v. Bd. of Trustees of SEIU Healthcare Ill. Home Care & Child Care Fund*, 456 F. Supp. 3d 1018, 1029 (C.D. Ill. 2020).

12. Because all of Defendants' arguments in their proposed reply could have been included in their Motion to Dismiss, Mr. Hudson respectfully requests this Court deny Defendants' Motion for Leave to Reply.

13. In the event that this Court does grant Defendants leave to file their proposed reply, the arguments contained within should be rejected.

14. Defendants argue that Plaintiff did not request relief available under 735 ILCS 5/8-2001 in his First Amended Complaint. This is incorrect. Plaintiff has a right to injunctive relief under that statute, including for future harm. This Court can, and should, require Wexford to comply with Illinois law which entitles Mr. Hudson to examine and receive medical records in a timely fashion. Plaintiff's prayer for relief includes a request for any relief that the Court deems appropriate. (Dkt. 66 at 41.)

Dated: May 24, 2022

Respectfully submitted,

By: /s/ Joel T. Pelz

Joel T. Pelz
Lindsey A. Lusk
Adam M. Abdel-Mageed
Courtney B. Shier
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: (312) 222-9350
jpelz@jenner.com
llusk@jenner.com
aabdelmageed@jenner.com
cshier@jenner.com

*Attorneys for Plaintiff John Hudson*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2022, I electronically filed the foregoing **Opposition to Defendants' Motion for Leave to Reply to Plaintiff's Response to Defendants' Partial Motion to Dismiss** with the Clerk of the Court using the CM/ECF system. The electronic case filing system sent a "Notice of E-Filing" to the following:

Joy C. Syrcle
Joseph N. Rupcich
CASSIDAY SCHADE LLP
3100 Montvale Dr.
Springfield, IL  62701
Telephone: (217) 572-1714
Fax: (217) 572-1613
jsyrcyle@cassiday.com
jrupcich@cassiday.com

/s/ Joel T. Pelz